UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. ___12-20749___ CR-UNGARO

TORRES

18 U.S.C. § 371
42 U.S.C. § 1320a-7b(b)(2)(A)
42 U.S.C. § 1320a-7b(b)(1)(A)
42 U.S.C. § 1320a-7b(b)(1)(B)
18 U.S.C. § 2
18 U.S.C. § 982

UNITED STATES OF AMERICA

vs.

MARIA EUGENIA RUEDA,
JORGE SELL,
ARMINDA REYES,
RENE SUAREZ-BASANTA,
MARIA ESTHER VALDEZ,
MANUELA EDELIA RODRIGUEZ,
FRANCISCO A. RIZO,
CRISTOBAL JORGE GARCIA, and
MARTA GONZALEZ,

Defendants.
_____/



FILED by _____ D.C.

OCT 0 2 2012

STEVEN M. LARIMORE
CLERK U S DIST CT
S. D. of FLA.   MIAMI

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times material to this Indictment:

### The Medicare Program

1.     The Medicare Program ("Medicare") was a federally funded program that provided

free or below-cost health care benefits to certain individuals, primarily the elderly, blind, and

disabled.  The benefits available under Medicare were governed by federal statutes and regulations.

The United States Department of Health and Human Services ("HHS"), through its agency, the Centers for Medicare and Medicaid Services ("CMS"), oversaw and administered Medicare. Individuals who received benefits under Medicare were commonly referred to as Medicare "beneficiaries."

2.      Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b) and a Federal health care program, as defined by Title 42, United States Code, Section 1320a-7b(f).

3.      Medicare programs covering different types of benefits were separated into different program "parts." "Part A" of the Medicare program covered certain eligible home health care costs for medical services provided by a home health agency ("HHA"), also referred to as a "provider," to persons who already qualified for Medicare and who additionally required home health services because of an illness or disability that caused them to be homebound. Payments for home health care medical services were typically made directly to a Medicare-certified HHA or provider based on claims submitted to the Medicare program for qualifying services that had been provided to eligible beneficiaries.

4.      CMS did not directly pay Medicare Part A claims submitted by Medicare-certified HHAs. CMS contracted with different private companies to administer the Medicare Part A program throughout different parts of the United States.  In the State of Florida, CMS contracted with Palmetto Government Benefits Administrators ("Palmetto").  As administrator, Palmetto was to receive, adjudicate and pay claims submitted by HHA providers under the Part A program for home health claims. Additionally, CMS separately contracted with companies in order to review HHA providers' claims data.  CMS first contracted with TriCenturion, a Program Safeguard Contractor.

2

Subsequently, on December 15, 2008, CMS contracted with SafeGuard Services, a Zone Program Integrity Contractor.  Both TriCenturion and SafeGuard Services safeguarded the Medicare Trust Fund by reviewing HHA providers' claims for potential fraud, waste, and/or abuse.

5.      Home health care agencies, pharmacies, physicians, and other health care providers that provided services to beneficiaries were able to apply for and obtain a Medicare Identification Number or "provider number."  In the application, the provider acknowledged that to be able to participate in the Medicare program, the provider must comply with all Medicare related laws and regulations.  A provider who was issued a Medicare Identification Number was able to file claims with Medicare to obtain reimbursement for services provided to beneficiaries.  The Medicare Identification Number uniquely identified the provider on billing forms submitted to Medicare.

## Part A Coverage and Regulations

### Reimbursements

6.      The Medicare Part A program reimbursed 100% of the allowable charges for participating HHAs providing home health care services only if the patient qualified for home health benefits.  A patient qualified for home health benefits only if the patient:

(a)      was confined to the home, also referred to as homebound;

(b)      was under the care of a physician who specifically determined there was a need for home health care and established the Plan of Care ("P.O.C."); and

(c)      the determining physician signed a certification statement specifying that the beneficiary needed intermittent skilled nursing, physical therapy, speech therapy, or a continued need for occupational therapy; the beneficiary was confined to the home; that a POC for furnishing services was established and periodically reviewed; and that the services

3

were furnished while the beneficiary was under the care of the physician who established the P.O.C.

### The Defendants and a Related Company

7.      Safe Home Health Care Agency, Inc. ("Safe Home") was incorporated by **MARIA EUGENIA RUEDA** on or about February 6, 2006, and did business in Miami-Dade County, purportedly providing home health services to beneficiaries.  Safe Home applied for and received Medicare Provider Number 10-9118.

8.      Defendant **MARIA EUGENIA RUEDA** was the President, Director and Registered Agent of Safe Home.

9.      Defendant **JORGE SELL** was employed by Safe Home as an office administrator.

10.      Individual 1 was a resident of Miami-Dade County.

11.      Defendants **ARMINDA REYES, MARIA ESTHER VALDEZ, MANUELA EDELIA RODRIGUEZ,** and **FRANCISCO A. RIZO,** were residents of Miami-Dade County.

12.      Defendants **MANUELA EDELIA RODRIGUEZ, RENE SUAREZ-BASANTA, CRISTOBAL JORGE GARCIA**, and **MARTA GONZALEZ** were residents of Miami-Dade County and were eligible to receive Medicare benefits due to their age or purported disability.

### COUNT 1
#### Conspiracy to Pay and Receive Health Care Kickbacks
#### (18 U.S.C. § 371)

1.      Paragraphs 1 through 12 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.      Beginning on or about April 12, 2011, and continuing through on or about June 4, 2012, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

4

**MARIA EUGENIA RUEDA,**
**JORGE SELL,**
**ARMINDA REYES,**
**RENE SUAREZ-BASANTA,**
**MARIA ESTHER VALDEZ,**
**MANUELA EDELIA RODRIGUEZ,**
**FRANCISCO A. RIZO,**
**CRISTOBAL JORGE GARCIA, and**
**MARTA GONZALEZ,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine,

conspire, confederate and agree with each other, and others known and unknown to the Grand Jury,

to commit certain offenses against the United States, that is:

    a.      to violate Title 42, United States Code, Section 1320a-7b(b)(1)(A), by knowingly and

willfully soliciting and receiving any remuneration, including kickbacks and bribes, directly and

indirectly, overtly and covertly, in cash and in kind, in return for referring an individual to a person

for the furnishing and arranging for the furnishing of any item and service for which payment may

be made in whole or in part by a Federal health care program, that is, Medicare;

    b.      to violate Title 42, United States Code, Section 1320a-7b(b)(1)(B), by knowingly and

willfully soliciting and receiving any remuneration, including kickbacks and bribes, directly and

indirectly, overtly and covertly, in cash and in kind, in return for purchasing, ordering, and arranging

for and recommending purchasing and ordering any good, service, and item for which payment may

be made in whole or in part by a Federal health care program, that is, Medicare;

    c.      to violate Title 42, United States Code, Section 1320a-7b(b)(2)(A), by knowingly and

willfully offering and paying any remuneration, including kickbacks and bribes, directly and

indirectly, overtly and covertly, in cash and in kind, to a person to induce such person to refer an

individual to a person for the furnishing and arranging for the furnishing of any item and service for

which payment may be made in whole and in part by a Federal health care program, that is, Medicare; and

     d.     to violate Title 42, United States Code, Section 1320a-7b(b)(2)(B), by knowingly and willfully offering and paying any remuneration, including kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind, to a person to induce such person to purchase, order and arrange for and recommend purchasing and ordering any good, service, and item for which payment may be made in whole and in part by a Federal health care program, that is, Medicare.

## **Purpose of the Conspiracy**

     3.     It was the purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by: (1) offering, paying, soliciting and receiving kickbacks and bribes in return for referring beneficiaries to Safe Home to serve as patients; (2) offering, paying, soliciting and receiving kickbacks and bribes in return for serving as patients of Safe Home; and (3) using the Medicare beneficiary information to submit claims to Medicare for home health services.

## **Manner and Means of the Conspiracy**

The manner and means by which the defendants and their co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

     1.     **MARIA EUGENIA RUEDA, JORGE SELL, ARMINDA REYES,** and others offered and paid kickbacks and bribes to patient recruiters in return for referring beneficiaries to Safe Home to serve as patients, and also to beneficiaries in return for serving as patients of Safe Home.

     2.     **RENE SUAREZ-BASANTA, MARIA ESTHER VALDEZ, MANUELA EDELIA RODRIGUEZ, FRANCISCO A. RIZO, CRISTOBAL JORGE GARCIA,** and

**MARTA GONZALEZ** solicited and accepted kickbacks and bribes for referring Medicare beneficiaries to Safe Home to serve as patients.

3. **RENE SUAREZ-BASANTA, MANUELA EDELIA RODRIGUEZ,** and **MARTA GONZALEZ** solicited and accepted kickbacks and bribes for agreeing to serve as patients of Safe Home.

4. **ARMINDA REYES** and others obtained prescriptions and P.O.C.s for Medicare beneficiaries.

5. **MARIA EUGENIA RUEDA** and **JORGE SELL** used the Medicare beneficiary information obtained through the payment of bribes and kickbacks to cause Safe Home to submit claims to Medicare for home health services purportedly rendered.

6. **MARIA EUGENIA RUEDA** and **JORGE SELL** caused Medicare to pay Safe Home based upon the claims submitted for purported home health services using the Medicare beneficiaries' information.

### Overt Acts

In furtherance of the conspiracy, and to accomplish its objects and purpose, at least one of the co-conspirators committed and caused to be committed, in the Southern District of Florida, at least one of the following overt acts, among others:

1. On or about April 15, 2011, **RENE SUAREZ-BASANTA** provided Individual 1 the name and address of a medical clinic where Individual 1 could meet **ARMINDA REYES**.

2. On or about April 18, 2011, **RENE SUAREZ-BASANTA** introduced Individual 1 to **ARMINDA REYES**.

7

3.      On or about April 18, 2011, **ARMINDA REYES** offered to pay kickbacks to Individual 1 in exchange for referring Medicare beneficiaries to Safe Home to serve as a patients.

4.      On or about June 14, 2011, **ARMINDA REYES** gave Individual 1 approximately $300 cash as a kickback for referring a Medicare beneficiary to Safe Home to serve as a patient.

5.      On or about January 24, 2012, **JORGE SELL** gave **ARMINDA REYES** approximately $9,000 in cash as a kickback for referring Medicare beneficiaries, including **MANUELA EDELIA RODRIGUEZ**, to Safe Home to serve as a patients.

6.      On or about January 27, 2012, **MARIA ESTHER VALDEZ** received approximately $1,300 in cash as a kickback for referring a Medicare beneficiary to Safe Home to serve as a patient.

7.      On or about February 1, 2012, **MANUELA EDELIA RODRIGUEZ** received approximately $1,300 in cash as a kickback for agreeing to serve as a patient of Safe Home.

8.      On or about February 16, 2012, **JORGE SELL** gave **ARMINDA REYES** approximately $9,000 in cash as a kickback for referring Medicare beneficiaries to Safe Home to serve as a patients.

9.      On or about February 17, 2012, **CRISTOBAL JORGE GARCIA** received approximately $1,300 in cash as a kickback for referring a Medicare beneficiary to Safe Home to serve as a patient.

10.     On or about February 22, 2012, **FRANCISCO A. RIZO** telephoned **ARMINDA REYES**.

11.     On or about February 22, 2012, **FRANCISCO A. RIZO** received approximately $1,300 in cash as a kickback for referring a Medicare beneficiary to Safe Home to serve as a patient.

12.     On or about February 22, 2012, **MARIA EUGENIA RUEDA** and **JORGE SELL** gave Individual 1 approximately $7,200 in cash as a kickback for referring Medicare beneficiaries to Safe Home to serve as patients.

13.     On or about February 27, 2012, **MARTA GONZALEZ** received approximately $1,300 in cash as a kickback for agreeing to serve as a patient of Safe Home.

14.     On or about February 27, 2012, **MARIA EUGENIA RUEDA** gave **ARMINDA REYES** approximately $1,800 in cash as a kickback for referring Medicare beneficiary **MARTA GONZALEZ** to Safe Home to serve as a patient.

15.     On or about March 22, 2012, **MARTA GONZALEZ** received approximately $2,600 in cash as a kickback for referring Medicare beneficiaries to Safe Home to serve as patients.

16.     On or about April 17, 2012, **CRISTOBAL JORGE GARCIA** informed **ARMINDA REYES** that Medicare beneficiary E.R. was a patient of a home health agency.

17.     On or about May 17, 2012, **MARIA ESTHER VALDEZ** received approximately $1,300 in cash as a kickback for referring Medicare beneficiary N.C. to Safe Home to serve as a patient.

18.     On or about June 4, 2012, **JORGE SELL** gave **ARMINDA REYES** approximately $1,800 in cash as a kickback for referring a Medicare beneficiary to Safe Home to serve as a patient.

All in violation of Title 18, United States Code, Section 371.

## COUNTS 2-9
### Payment of Kickbacks in Connection with a Federal Health Care Program
### (42 U.S.C. § 1320a-7b(b)(2)(A))

1.     Paragraphs 1 through 12 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.      On or about the dates enumerated below as to each count, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants as specified below, did knowingly and willfully offer and pay remuneration, that is, kickbacks and bribes, in cash and in kind, directly and indirectly, overtly and covertly, to a person, to induce such person to refer an individual for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole or in part by a Federal health care program, that is, Medicare, as set forth below:

| Count | Defendant(s) | Approximate Date | Approximate Kickback Amount |
|-------|-------------|------------------|------------------------------|
| 2 | **ARMINDA REYES** | 06/14/2011 | $300 |
| 3 | **JORGE SELL** | 01/24/2012 | $9,000 |
| 4 | **JORGE SELL** | 02/16/2012 | $9,000 |
| 5 | **MARIA EUGENIA RUEDA** and **JORGE SELL** | 02/22/2012 | $7,200 |
| 6 | **MARIA EUGENIA RUEDA** | 02/27/2012 | $1,800 |
| 7 | **JORGE SELL** | 04/23/2012 | $3,600 |
| 8 | **JORGE SELL** | 04/25/2012 | $1,800 |
| 9 | **JORGE SELL** | 06/04/2012 | $1,800 |

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A), and Title 18, United States Code, Section 2.

## COUNTS 10- 14
### Receipt of Kickbacks in Connection with a Federal Health Care Program
### (42 U.S.C. § 1320a-7b(b)(1)(A))

1.      Paragraphs 1 through 12 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.      On or about the dates enumerated below as to each count, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant, identified as to each count below, did knowingly and willfully solicit and receive remuneration, including any kickback and bribe, in cash and in kind, directly and indirectly, overtly and covertly, in return for referring an individual to a person for the furnishing and arranging for the furnishing of any item and service, that is, home health services, for which payment may be made in whole and in part by a Federal health care program, that is, Medicare, as set forth below:

| Count | Defendant | Approximate Date | Approximate Kickback Amount | Individual(s) Referred |
|-------|-----------|------------------|-----------------------------|------------------------|
| 10 | MARIA ESTHER VALDEZ | 01/27/2012 | $1,300 | N.C. |
| 11 | CRISTOBAL JORGE GARCIA | 02/17/2012 | $1,300 | R.A. |
| 12 | FRANCISCO A. RIZO | 02/22/2012 | $1,300 | M.A. |
| 13 | MARTA GONZALEZ | 03/22/2012 | $2,600 | V.G. and E.G. |
| 14 | MARIA ESTHER VALDEZ | 05/17/2012 | $1,300 | N.C. |

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A) and Title 18, United States Code, Section 2.

## COUNTS 15- 16
### Receipt of Kickbacks in Connection with a Federal Health Care Program
### (42 U.S.C. § 1320a-7b(b)(1)(B))

1.      Paragraphs 1 through 12 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.      On or about the dates enumerated below as to each count, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant, identified as to each count below,

did knowingly and willfully solicit and receive remuneration, including any kickback and bribe, in cash and in kind, directly and indirectly, overtly and covertly, in return for purchasing, ordering, and arranging for and recommending purchasing and ordering any good, service and item, that is, home health services, for which payment may be made in whole and in part by a Federal health care program, that is, Medicare, as set forth below:

| Count | Defendant | Approximate Date | Approximate Kickback Amount |
|-------|-----------|------------------|-----------------------------|
| 15 | **MANUELA EDELIA RODRIGUEZ** | 02/01/2012 | $1,300 |
| 16 | **MARTA GONZALEZ** | 02/27/2012 | $1,300 |

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(B) and Title 18, United States Code, Section 2.

## FORFEITURE
### (18 U.S.C. § 982 (a)(7))

1.    The allegations contained in this Indictment are realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of America of certain property in which defendants, **MARIA EUGENIA RUEDA, JORGE SELL, ARMINDA REYES, RENE SUAREZ-BASANTA, MARIA ESTHER VALDEZ, MANUELA EDELIA RODRIGUEZ, FRANCISCO A. RIZO, CRISTOBAL JORGE GARCIA,** and **MARTA GONZALEZ** have an interest.

2.    Upon conviction of any violation of Title 18, United States Code, Section 371, or Title 42, United States Code, Section 1320a-7(b), as alleged in Counts 1 through 16 of this Indictment, the defendants, **MARIA EUGENIA RUEDA, JORGE SELL, ARMINDA REYES, RENE SUAREZ-BASANTA, MARIA ESTHER VALDEZ, MANUELA EDELIA**

12

**RODRIGUEZ, FRANCISCO A. RIZO, CRISTOBAL JORGE GARCIA,** and **MARTA GONZALEZ** shall forfeit to the United States, any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense, pursuant to Title 18, United States Code, Sections 982 (a)(7).

      3.     The property which is subject to forfeiture includes, but is not limited to, a sum of money equal in value to any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the violations alleged in this Indictment, which the United States will seek as a forfeiture money judgment against each defendant jointly and severally as part of their respective sentence.

      4.     Pursuant to Title 21, United States Code, Section 853(p), if any of the forfeitable property, or any portion thereof, as a result of any act or omission of the defendant:

      a.     cannot be located upon the exercise of due diligence;

      b.     has been transferred, or sold to, or deposited with a third party;

      c.     has been placed beyond the jurisdiction of the Court;

      d.     has been substantially diminished in value; or

      e.     has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek the forfeiture of other property of the defendant up to the value of the above-described forfeitable property. The property which is subject to forfeiture includes, but is not limited to, the following:

      a.     Real property located at 3845 SW 128th Avenue, Miami, Florida;

      b.     Real property located at 20601 SW 87 Court, Cutler Bay, Florida;

13

c.      Real property located at 7601 E Treasure Dr, Apt 1624, North Bay Village, Florida;

d.      Real property located at 14612 SW 170 St, Miami, Florida;

e.      Real property located at 100 Lincoln Road, #422, Miami Beach, Florida;

f.      Real property located at 10302 NW 9 Street Circle, Apt 103, Miami, Florida; and

g.      Real property located at 10227 NW 9 Street Circle, Apt 504-3, Miami, Florida.

All pursuant to Title 18, United States Code, Section 982(a)(7) and the procedures set forth at Title 21, United States Code, Section 853, made applicable by Title 18, United States Code, Section 982(b).

A TRUE BILL

_____
FOREPERSON

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
ERIC E. MORALES
ASSISTANT U.S. ATTORNEY

14

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. _____ |
| vs. | |
| MARIA EUGENIA RUEDA, et al. | **CERTIFICATE OF TRIAL ATTORNEY\*** |
| Defendants. | |
| _____/ | **Superseding Case Information:** |

**Court Division**: (Select One)

| | | |
|---|---|---|
| X Miami | ____ Key West | New Defendant(s)        Yes ____   No ____ |
| ____ FTL | ____ WPB   ____ FTP | Number of New Defendants ____ |
| | | Total number of counts ____ |

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:      (Yes or No)    __Yes__
   List language and/or dialect    __Spanish__

4. This case will take    __10__   days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                                    (Check only one)

   | I | 0 to 5 days | _____ | Petty | _____ |
   |---|---|---|---|---|
   | II | 6 to 10 days | X | Minor | _____ |
   | III | 11 to 20 days | _____ | Misdem. | _____ |
   | IV | 21 to 60 days | _____ | Felony | X |
   | V | 61 days and over | _____ | | |

6. Has this case been previously filed in this District Court? (Yes or No)    __No__
   If yes:
   Judge: _____    Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?    (Yes or No)    __No__
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____    District of _____

   Is this a potential death penalty case? (Yes or No)    __No__

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?    ____ Yes   X   No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?    ____ Yes   X   No

_____
ERIC MORALES
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No./Court No. A5500886

\*Penalty Sheet(s) attached

REV 4/8/08

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

<u>PENALTY SHEET</u>

**Defendant's Name:**   **MARIA EUGENIA RUEDA**

**Case No:**

Count #: 1

Conspiracy to Pay and Receive Health Care Kickbacks

18 U.S.C. § 371

**\* Max. Penalty:**   Five (5) years' imprisonment

Counts #: 5-6

Payment of Kickbacks in Connection with a Federal Health Care Program

42 U.S.C. § 1320a-7b(b)(2)(A)

**\*Max. Penalty:**   Five (5) years' imprisonment as to each count

Count #:

**\*Max. Penalty:**

Count #:

**\*Max. Penalty:**

\* Refers only to possible fine, does not include possible restitution, special assessments, parole terms, or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:**   **JORGE SELL**

**Case No:**

Count #: 1

Conspiracy to Pay and Receive Health Care Kickbacks

18 U.S.C. § 371

**\* Max. Penalty:**      Five (5) years' imprisonment

Counts #: 3-5 and 7-9

Payment of Kickbacks in Connection with a Federal Health Care Program

42 U.S.C. § 1320a-7b(b)(2)(A)

**\*Max. Penalty:**      Five (5) years' imprisonment as to each count

Count #:

**\*Max. Penalty:**

Count #:

**\*Max. Penalty:**

\* Refers only to possible fine, does not include possible restitution, special assessments, parole terms, or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:**   **ARMINDA REYES**

**Case No:**

Count #: 1

Conspiracy to Pay and Receive Health Care Kickbacks

18 U.S.C. § 371

**\* Max. Penalty:**      Five (5) years' imprisonment

Count #: 2

Payment of Kickbacks in Connection with a Federal Health Care Program

42 U.S.C. § 1320a-7b(b)(2)(A)

**\*Max. Penalty:**      Five (5) years' imprisonment

Count #:

**\*Max. Penalty:**

Count #:

**\*Max. Penalty:**

\* Refers only to possible fine, does not include possible restitution, special assessments, parole terms, or forfeitures that may be applicable.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

<u>PENALTY SHEET</u>

**Defendant's Name:**   **RENE SUAREZ-BASANTA**

Case No:

Count #: 1

　　Conspiracy to Pay and Receive Health Care Kickbacks

　　18 U.S.C. § 371

**\* Max. Penalty:**　　Five (5) years' imprisonment

Count #:

**\*Max. Penalty:**

Count #:

**\*Max. Penalty:**

Count #:

**\*Max. Penalty:**

\* Refers only to possible fine, does not include possible restitution, special assessments, parole terms, or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**:   **MARIA ESTHER VALDEZ**

**Case No**:

Count #: 1

Conspiracy to Pay and Receive Health Care Kickbacks

18 U.S.C. § 371

**\* Max. Penalty:**   Five (5) years' imprisonment

Counts #: 10 and 14

Receipt of Kickbacks in Connection with a Federal Health Care Program

42 U.S.C. § 1320a-7b(b)(1)(A)

**\*Max. Penalty:**   Five (5) years' imprisonment as to each count

Count #:

**\*Max. Penalty:**

Count #:

**\*Max. Penalty:**

\* Refers only to possible fine, does not include possible restitution, special assessments, parole terms, or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**:____ **MANUELA EDELIA RODRIGUEZ**_____

**Case No**:_____

Count #: 1

_____ Conspiracy to Pay and Receive Health Care Kickbacks _____

_____ 18 U.S.C. § 371 _____

**\* Max. Penalty:**      Five (5) years' imprisonment _____

Count #: 15

_____ Receipt of Kickbacks in Connection with a Federal Health Care Program _____

_____ 42 U.S.C. § 1320a-7b(b)(1)(B) _____

**\*Max. Penalty:**      Five (5) years' imprisonment _____

Count #:

_____

_____

**\*Max. Penalty:**_____

Count #:

_____

_____

**\*Max. Penalty:**_____

\* Refers only to possible fine, does not include possible restitution, special assessments, parole terms, or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**:___**FRANCISCO A. RIZO**_____

**Case No**:_____

Count #: 1

Conspiracy to Pay and Receive Health Care Kickbacks

18 U.S.C. § 371

**\* Max. Penalty:**      Five (5) years' imprisonment

Count #: 12

Receipt of Kickbacks in Connection with a Federal Health Care Program

42 U.S.C. § 1320a-7b(b)(1)(A)

**\*Max. Penalty:**      Five (5) years' imprisonment

Count #:

**\*Max. Penalty:**

Count #:

**\*Max. Penalty:**

\* Refers only to possible fine, does not include possible restitution, special assessments, parole terms, or forfeitures that may be applicable.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**:____ **CRISTOBAL JORGE GARCIA**_____

**Case No**:_____

Count #: 1

_____Conspiracy to Pay and Receive Health Care Kickbacks_____

_____18 U.S.C. § 371_____

**\* Max. Penalty:**_____Five (5) years' imprisonment_____

Count #: 11

_____Receipt of Kickbacks in Connection with a Federal Health Care Program___

_____42 U.S.C. § 1320a-7b(b)(1)(A)_____

**\*Max. Penalty:**_____Five (5) years' imprisonment_____

Count #:

_____

_____

**\*Max. Penalty:**_____

Count #:

_____

_____

**\*Max. Penalty:**_____

\* Refers only to possible fine, does not include possible restitution, special assessments, parole terms, or forfeitures that may be applicable.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

<u>PENALTY SHEET</u>

**Defendant's Name**:   **MARTA GONZALEZ**

**Case No**:

Count #: 1

Conspiracy to Pay and Receive Health Care Kickbacks

18 U.S.C. § 371

**\* Max. Penalty:**      Five (5) years' imprisonment

Count #: 13

Receipt of Kickbacks in Connection with a Federal Health Care Program

42 U.S.C. § 1320a-7b(b)(1)(A)

**\*Max. Penalty:**      Five (5) years' imprisonment

Count #: 16

Receipt of Kickbacks in Connection with a Federal Health Care Program

42 U.S.C. § 1320a-7b(b)(1)(B)

**\*Max. Penalty:**      Five (5) years' imprisonment

Count #:

**\*Max. Penalty:**

\* Refers only to possible fine, does not include possible restitution, special assessments, parole terms, or forfeitures that may be applicable.